Joseph P. Filicetti
**FILICETTI LAW OFFICE, P.A.**
5987 W. State, Suite B
P. O. Box 105
Boise, ID 83701
Telephone: (208) 388-0123
Fax: (208) 388-0120
jpf@filicettilaw.com
ISB No. 3706

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANDON CURTISS and others similarly situated, )<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>THE CITY OF OROFINO, IDAHO, )<br>THE OROFINO POLICE DEPARTMENT, )<br>and RON POMERINKE, OROFINO CITY )<br>POLICE CHIEF )<br>Defendants. )<br>_____ ) | Case No. CIV 05-005-C-EJL<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiffs, by their attorney, Joseph P. Filicetti of Filicetti Law Office, complaining of Defendants, respectfully allege as follows:

JURISDICTION AND VENUE

1.   Plaintiffs bring this action to recover unpaid overtime compensation and other relief under the provisions of the Fair Labor Standards Act of 1938, as amended [29

COMPLAINT AND DEMAND FOR JURY TRIAL, PAGE 1

U.S.C. §§ 201-219; hereinafter the "Act" or the "FLSA"].

2. Jurisdiction of this action is conferred upon this Court by § 16(b) of the Act [29 U.S.C. §216(b)] and by 28 U.S.C. §1337.

3. Venue of this action is established in this Court by §16(b) of the Act [29 U.S.C. §216(b)] and 28 U.S.C. §1391(b).

## THE PARTIES

4. Plaintiffs are and were at all relevant times employees of the Defendants, THE CITY OF OROFINO, THE OROFINO CITY POLICE DEPARTMENT, and RON POMERINKE, OROFINO CITY POLICE CHIEF, employed as police officers.

5. The Defendants to this action are THE CITY OF OROFINO, THE OROFINO CITY POLICE DEPARTMENT, and RON POMERINKE, OROFINO CITY POLICE CHIEF.

6. Pursuant to §16(b) of the Act, [29 U.S.C. §216(b)], Plaintiffs bring this action on behalf of themselves and other employees similarly situated to themselves as described in the claim set forth herein.

7. Pursuant to §16(b) of the Act [29 U.S.C. § 216(b)], the named Plaintiffs herein have executed and hereby file with the Court their original consents in writing to become party Plaintiffs in this action. Should additional Plaintiffs similarly situated join this action their consents will be filed with the Court.

8. Plaintiffs were employees who at all relevant times were employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined

**COMPLAINT AND DEMAND FOR JURY TRIAL, PAGE 2**

by section 3(s) of the Act [29 U.S.C. § 203(s)].

9. At all relevant times herein, Plaintiffs were entitled to the rights, protections and benefits provided under the FLSA.

10. Defendant, THE CITY OF OROFINO, is an employer as defined by section 3(d) of the Act [29 U.S.C. §203(d)] and a "public agency" within 29 U.S.C. §203(x).

11. Defendant THE CITY OF OROFINO, is an enterprise, as defined by section 3(r) of the Act [29 U.S.C. §203(r)].

12. Defendants, THE OROFINO CITY POLICE DEPARTMENT and RON POMERINKE, OROFINO CITY POLICE CHIEF, are an employer as defined by section 3(d) of the Act [29 U.S.C. §203(d)] and a "public agency" within 29 U.S.C. §203(x).

13. Defendants, THE OROFINO CITY POLICE DEPARTMENT and RON POMERINKE, OROFINO CITY POLICE CHIEF, are an enterprise, as defined by section 3(r) of the Act [29 U.S.C. §203(r)].

CLAIM

14. Employees covered under the Act are entitled to overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked in excess of forty hours per week, except as otherwise provided in section 7 of the Act [29 U.S.C. §207]. Section 7(a)(1) of the Act [29 U.S.C. §207(a)(1)] provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the

**COMPLAINT AND DEMAND FOR JURY TRIAL, PAGE 3**

hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

15. The Plaintiffs, during the applicable statutory maximum time periods, worked in excess of the statutory maximum number of hours provided for in section 7(a)(1) of the Act [29 U.S.C. §207(a)(1)], without receiving compensation for such excess hours at a rate of one and one-half times the regular rate at which the Plaintiffs were employed.

16. At all relevant times herein, Plaintiffs were "police dog" handlers and "K-9" officers for Defendants. The excess unpaid overtime hours for Plaintiffs include compensable time spent caring for, maintaining, training and cleaning up after their police dogs and time spent maintaining police equipment and uniforms.

17. The excess unpaid overtime hours also include time spent at the work location before the beginning of the shift during which Plaintiffs are required to attend a pre-shift briefing.

18. The excess unpaid overtime hours also include time spent after the end of the shift during which Plaintiffs are required to clean their assigned vehicles in which they transport their police K-9's during their patrol shift as well as time spent traveling to and participating in K-9 competitions.

19. The failure of Defendants to compensate Plaintiffs at one and one-half times their regular rate for such overtime hours is a violation of section 7 of the Act [29 U.S.C. §207]. Such violation is redressable by the Plaintiffs as affected employees under section 16(b) of the Act [29 U.S.C. §216(b)].

20. Defendants, therefore, are liable to the Plaintiffs herein in the amount of

Plaintiffs' unpaid overtime compensation and an additional equal amount as liquidated damages, and for reasonable attorney's fees, together with the costs and disbursements of this action.

21. At all times relevant within the period three years prior to the filing of this complaint Defendants have been aware of the provisions of the FLSA, as amended, 29 U.S.C. §201 et seq., requiring payment of overtime compensation to Plaintiffs.

22. Therefore, Plaintiffs are entitled to the unpaid overtime compensation and liquidated damages owed on this claim for the three-year period immediately preceding the commencement of the action.

23. The employment and work records for Plaintiffs are in the exclusive possession, custody and control of the Defendant, and Plaintiffs are unable to state precisely at this time the exact amounts owing to them. The Defendant is under a duty imposed by 29 U.S.C. section 211(c) and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiffs from which some of the amounts of Defendants' liability can be ascertained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs herein request from the Court the following relief:

(a) Judgment declaring that Defendant has violated Plaintiffs' rights under the FLSA;

(b) An order for a complete and accurate accounting of all compensation to which Plaintiffs are entitled;

(c) Judgment against the Defendants awarding Plaintiffs monetary damages in the

**COMPLAINT AND DEMAND FOR JURY TRIAL, PAGE 5**

form of back pay compensation, liquidated damages equal to their unpaid compensation, plus appropriate pre-judgment and post-judgment interest;

(d) Reasonable attorney's fees; and

(e) The costs and disbursements of this action together with such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

A demand for jury trial pursuant to F.R.C.P. 38 is hereby made.

DATED this 7th day of January, 2005.

**FILICETTI LAW OFFICE, P.A.**

Joseph P. Filicetti
Attorney for Plaintiffs
5987 W. State, Suite B
P. O. Box 105
Boise, ID  83701
Telephone: (208) 388-0123
Fax: (208) 388-0120
jpf@filicettilaw.com

**COMPLAINT AND DEMAND FOR JURY TRIAL, PAGE 6**